The majority opinion analyzes the issue in this case in terms of rights, i.e., whether Thorpe can demonstrate his right to credit for the days of pretrial incarceration. The issue in this case, as I perceive it, involves a question of duty.
It is well-settled that a person who is sentenced to prison is entitled to credit for the days served in pretrial detention. Workman v. Cardwell, (1972), 338 F. Supp. 893. R.C.2967.191 and its predecessors were designed to implement this constitutional protection.
The rationale for this rule is quite simple. A person with money will make bail while a person without money will not. If both persons are given identical sentences, the reality is that unless the person who did not make bail is given credit for his pretrial time, the poorer person will have served more time than the other. Unequal treatment based on personal wealth is anathema to the Constitution as a denial of equal protection.
The majority opinion recognizes the importance of equal treatment, but, and this is where I disagree, puts the burden of equal protection on the poorer defendant. The majority notes that appellant failed to file a transcript of the sentencing hearing, and as a result, this court is unsure as to whether Thorpe was properly credited with his pretrial time. To me, this merely repeats the problem. People who cannot make bail, the only ones to whom R.C. 2967.191 might apply, probably cannot pay for a transcript either.
There has been a trend in the law over the last decade to treat all criminal matters as a Manichean battle between good and evil, where the sides to an issue are irretrievably at odds with the other. I regret the trend, but in this case, however, there appears to be for all parties an identity of interest in a proper result.
The state has a duty to see to it that just results are obtained, not merely convictions and sentences, so the state has an important interest in seeing that R.C. 2967.191, as with any law, is followed and that Thorpe gets the credit he is entitled to. The trial court, as well as this court, has an important interest in enforcing not only the statute but in upholding the doctrine of equal protection. Thorpe himself has an interest in a proper credit. To be sure, Thorpe's interest is personal, but his personal interest is merely coincident, perhaps even ancillary, with the state's and the courts' interest in doing their duty to follow the law and the Constitution.
This writer is not so naive and I recognize, as does the majority opinion, that Thorpe may be asking for credit to which he is not entitled. The exact number of days is not clear from the record. The brief of appellee State of Ohio is not of much use since rather than telling us how the days were calculated and showing us that Thorpe was properly credited for all time served, it relies solely on procedural objections and obfuscation.
I believe it is the responsibility of the courts to see that all its sentences pass constitutional muster. I believe we have a duty to do so whether or not a defendant objects. Our duty to obey the statute and follow the Constitution cannot be dependent on a defendant's ability to raise the issue. The issue in this case, is after all, merely a bookkeeping matter, less complicated then asking a credit card company for a statement of all charges and all payments. This is a small effort to protect the doctrine of equal protection.
The majority, because it is unsure, affirms. Because I am unsure, I would reverse. I would remand this case to the trial court with the direction that a calculation of the pretrial detention time be made and entered in the record, and that we review that calculation. The issue is this case is not really how many days Thorpe will do in jail. It is about the courts and how we implement our duty to follow the statutes and to uphold the Constitution.
Thus, I dissent.